**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TYREE MOORE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ECONOMIC OPPORTUNITY, ZUGELY ORTIZ, DANIELLE MAJIED,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-15443 (KMW-MJS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Tyree Moore's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his average monthly income is $980.00 and his average monthly expenses are approximately $3,510.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**WHEREAS**, here, the Court finds that Plaintiff's monthly income, savings, and expenses as set forth in his IFP Application establish that he cannot pay the costs of litigation; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

**WHEREAS**, Plaintiff commenced this action against Defendant Office of Economic Opportunity ("OEO"); Defendant Zugely Ortiz ("Ortiz") and Danielle Majied ("Majied," together with OEO and Ortiz, "Defendants") for violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d (Count I); Violation of 42 U.S.C. § 1981 and § 1983 (Count II); Violation of the Fair Housing Act, 42 U.S.C. § 3604 (Count III); and Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(g) (Count IV) (*see* Complaint, Dkt. No. 1 at 8); and

**WHEREAS**, Plaintiff alleges that OEO denied his application for assistance with paying his rental arrears to his landlord by making "discriminatory" statements and stating it would only help after his eviction hearing took place, (*see id.*, ¶¶ 13, 15). After his eviction hearing, Plaintiff alleges that OEO's refusal to grant him assistance is an act "of discrimination and retaliation" for complaining about their lack of support, (*see id.*, ¶¶ 16-18); and

**WHEREAS**, under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and

**WHEREAS**, "Title VI of the Civil Rights Act of 1964 provides that '[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Gonel v. Essex Cnty. Coll.*, No. 25-950, 2025 WL 2528650, at *2 (D.N.J. Sept. 3, 2025) (quoting 42 U.S.C. § 2000d). Similarly, to assert a violation

of 42 U.S.C. § 3604, a plaintiff must allege discrimination on the basis of "race, color, religion, sex, familial status, or national origin"; and

**WHEREAS**, Plaintiff does not allege that Defendants discriminated against him on the basis of his "race, color, religion, sex, familial status, or national origin," or that he is otherwise a member of a protected class, *see id.*; *see* 42 U.S.C. § 2000d; *Gonel*, 2025 WL 2528650, at *2; and

**WHEREAS**, to state a claim for retaliation under Title VI, Plaintiff must show that: (1) he was "engaging in a protected activity"; (2) Defendants subjected him to an "adverse action after or contemporaneously with the protected activity"; and (3) a "causal link between the adverse action and the protected activity." *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 522 (3d Cir. 2011); and

**WHEREAS**, here, Plaintiff does not specifically identify an alleged "protected activity" in which he was engaged. *See id.* Nor does Plaintiff allege any "adverse action" that Defendants took in connection with Plaintiff's alleged protected activity. *See id.*

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS on this 18th day of **December**, 2025, hereby:

**ORDERED** Plaintiff's IFP application (Dkt. No. 1-2) is **GRANTED**; and further

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE